UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

FILED
JUN - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMPREHENSIVE HEALTH ACADEMY, LLC,) )
d/b/a Comprehensive Health Academy School )
of Practical Nursing )
1106 Bladensburg Road, NE )
Washington, DC 20002-2512 )
)
AND )
)
MICHAEL ADEDOKUN )
4215 Harbour Town Drive )
Beltsville, MD 20705 )
)
    *Plaintiffs,* )
)
    v. )

CASE NUMBER 1:06CV01050

JUDGE: Reggie B. Walton

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 06/07/2006

JURY ACTION

GOVERNMENT OF THE DISTRICT OF )
COLUMBIA )
)
    *SERVE*: Mayor Anthony Williams )
        1350 Pennsylvania Avenue, NW )
        Suite 419 )
        Washington, DC 20001 )
)
AND )
)
DC DEPARTMENT OF HEALTH )
PROFESSIONAL LICENSING ADMINISTRATION)
DC BOARD OF NURSING )
717 14th Street, NW - Suite 600 )
Washington, DC 20005 )
)
    *SERVE*: Mayor Anthony Williams )
        1350 Pennsylvania Avenue, NW )
        Suite 419 )
        Washington, DC 20001 )
)
AND )
)
JOANNE JOYNER, CHAIRPERSON )
DC BOARD OF NURSING )
717 14th Street, NW - Suite 600 )
Washington, DC 20005 )
    AND )
)
DONNA MINOR, NURSE CONSULTANT )

1

| | |
|---|---|
| D.C. BOARD OF NURSING<br>717 14th Street, NW, Suite 600<br>Washington, D.C. 20005, and<br><br>*AND*<br><br>**KAREN SCIPIO-SKINNER, EXECUTIVE DIRECTOR**<br>D.C. BOARD OF NURSING<br>717 14th Street, NW - Suite 600<br>Washington, D.C. 20005<br><br>Individually, Jointly and Collectively,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT IN TORT FOR PERSONAL INJURY DAMAGES AND DAMAGES UNDER 28 USC 1331, 1343; 42 U.S.C. 1981, 1983, 1985 and 1986; FRCP 65

Plaintiffs Comprehensive Health Academy, LLC ("Comprehensive") and Michael Adedokun ("Adedokun"), by and through undersigned counsel, each hereby brings this action against the Government of the District of Columbia, the DC Department of Health, the DC Board of Nursing (Collectively, "DC"), JoAnne Joyner ("Joyner"), Donna Minor ("Minor") and Karen Scipio-Skinner ("Skinner"), individually, jointly and collectively, seeking damages for continuing violations of their constitutional and other rights.

### I.  INTRODUCTION

1. This is a civil action seeking damages and other relief for deprivation under color of law of certain rights, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States, for an order declaring unconstitutional the discriminatory acts of Defendants, and for money damages against Defendants to redress Plaintiffs for denial of property and liberty interests without due process of law, deprivation of civil rights under color of law, and for conspiracy to commit and committing acts under color of law to deprive Plaintiff Comprehensive of rights secured by the Constitution and laws of the United States.

2. On or about July 2, 2003, Plaintiff Comprehensive was granted Provisional Accreditation Approval as a Practical Nursing [educational] Program by Defendant DC, through its Health Professional Licensing Administration, Board

of Nursing.

3. On or about October 18, 2004, Defendant DC, by and through its agency the D.C. Board of Nursing, sent a letter to Plaintiff Comprehensive in which it set out five specific issues Comprehensive needed to address to be in sufficiently in compliance with DC regulations to qualify for full accreditation as a Practical Nursing Program. Plaintiff has satisfied these matters but avers that they were pretextual.

4. On or about June, 2005, Defendant DC, by and through its government agency the D.C. Board of Nursing, gave notice to Plaintiffs Comprehensive and Adedokun that it was refusing to accept the appointment of Plaintiff Adedokun as Nurse Administrator for Plaintiff Comprehensive, notwithstanding the fact that Plaintiff Adedokun is fully qualified for the job by all relevant qualifiers and has nothing on his resume or personal history that would or should disqualify him for the position.

5. Plaintiff Comprehensive was at that time, and has been at all times since, sufficiently in compliance with DC regulations to qualify for full accreditation as a Practical Nursing Program. In addition, except for Defendants' unreasonable and unlawful refusal to allow and sanction the appointment of Plaintiff Adedokun as Comprehensive's Nurse Administrator, Plaintiff Adedokun cannot serve as Nurse Administrator.

6. In spite of Comprehensive's full and substantial compliance with all regulatory requirements, DC, by and through its government agency the D.C. Board of Nursing, has refused to act on Plaintiff Comprehensive's Full Accreditation application, or to extend Full Accreditation to Plaintiff Comprehensive, has threatened and continues to threaten Plaintiff with withdrawal of its Provisional Accreditation for reasons that are pre-textual, when the true basis for DC's refusal to grant Full Accreditation is discrimination on the basis of race (black) and national origin (Nigerian) (of two (2) of Comprehensive's principals including Plaintiff Adedokun).

7. By denying Plaintiff Comprehensive full accreditation and by threatening to withdraw its Provisional Accreditation, DC has denied and continues to deprive Plaintiff Comprehensive of its property and liberty interest in full accreditation without due process of law as guaranteed by the U.S. Constitution.

8. By denying Plaintiff Adedokun acceptance as Comprehensive's Nurse Administrator, DC has denied and continues to deprive Plaintiff Adedokun each of his property and liberty interest in the position of Nurse Administrator without due process of law as guaranteed by the U.S. Constitution.

9. The above denial Plaintiff Adedokun's appointment as Nurse Administrator, and of Comprehensive's Full Accreditation and the additional threat to withdraw Comprehensive's Provisional Accreditation has been the result of acts by and a

conspiracy to act by Defendants Joyner, Minor and Skinner, each of whom continues to be and have at all times material to this Complaint, been employees or Board members of Defendant DC's Board of Nursing, each acting within the scope of Board of Nursing responsibilities, and therefore Defendant DC is responsible and liable in *respondeat superior* for the acts and omissions and conspiratorial acts of each. DC is further responsible for its failure to train and supervise these individuals.

10. Plaintiff Comprehensive and Adedokun each has suffered and continues to monetary damages, loss of income and potential income and each has and continues to incur legal fees and costs caused by both the unlawful denial of Full Accreditation, the unlawful denial of the Nurse Administrator's position, and the threat to withdraw its Provisional Accreditation.

## II.   JURISDICTION AND VENUE

11. Because Plaintiff Comprehensive alleges there has been deprivation, under color of law, of rights, privileges and immunities secured by the U.S. Constitution and under 42 U.S.C. 1983, 1985, and 1986, this is an action arising under the Constitution and United States law, therefore, this Court has jurisdiction of this action under 28 U.S.C. 1331 and 1343. Further, damages are reasonably in excess of $75,000.

12. Plaintiff's claims arise out of transactions that occurred within the District of Columbia, and, therefore, venue is based on 28 U.S.C. 1391.

13. Plaintiffs Comprehensive and Adedokun also here invoke the pendant jurisdiction of this Court to hear and decide claims arising out of common law.

14. Plaintiffs Comprehensive and Adedokun provided notice as required under D.C. Code § 12-309, of the claims set forth in this Complaint by letter of June 6, 2006, to Mayor Anthony Williams. See Exhibit 1, attached.

## III.   PARTIES

15. Plaintiff Comprehensive is a corporation owned and operated by black Americans of Nigerian national origin, and which corporation is incorporated in the District of Columbia, with its District of Columbia office address set out in the style, above, and which corporation is licensed to do business and is doing business in the District of Columbia as a school of nursing, training Practical Nurses.

16. Plaintiff Adedokun is a resident of the state of Maryland, residing at the address set out in the style, above.

17. Collective Defendants "DC" are the government of the District of Columbia, and its regulatory agency, formed under the laws of the United States and of the District of Columbia, and subject to service on its Mayor at the address set out in

the style, above.

18. Defendants Joyner, Minor and Skinner, each of whom continue to be and have at all times material to this Complaint, been employees or Board members of Defendant DC's Board of Nursing, who can be found at their addresses as set out in the style, above.

## IV. ALLEGATIONS

### COUNT 1 - DENIAL OF FULL ACCREDITATION

19. Plaintiff Comprehensive here repeats and realleges everything set out above.

20. At all times material to this Complaint, the D.C. Department of Health, Professional Licensing Administration, Board of Nursing is the DC agency charged with investigating, evaluating and granting accreditation to any educational institution seeking to operate within the District of Columbia for the purpose of training Practical Nurses and preparing students to qualify for licensing as Practical Nurses.

21. In violation of that duty, DC, by and through the above Board of Nursing, has failed to properly investigate, evaluate and grant full accreditation as a School of Nursing to Plaintiff, which has fully demonstrated compliance with all applicable regulations and requirements necessary to qualify for full accreditation. Indeed, by objective measures such as the results of testing of its students, Comprehensive is the highest rated school in the District of Columbia.

22. In violation of its above duty, DC, by and through the above Board of Nursing, has alleged purported deficiencies in Plaintiff's accreditation application that are so vague and ambiguous as to be totally lacking in notice as to what Plaintiff would have to do to correct these purported deficiencies, and, further, has illegally contrived to prevent Plaintiff Comprehensive from coming into compliance by refusing to sanction the appointment of Plaintiff Adedokun as Comprehensive's Nurse Administrator without any basis in law or regulation.

23. In violation of its above duty, DC, by and through the above Board of Nursing, has made allegations of purported deficiencies which are entirely pre-textual and have been offered solely in and attempted to cover up the true basis for its denial of full accreditation which is discrimination against Comprehensive, its owners and employees and Adedokun on the basis of their race or national origin.

### COUNT 2- CONSPIRACY (Section 1985)

24. Plaintiffs Comprehensive and Adedokun here repeat and re-allege everything set out above.

25. Plaintiff contends on information and belief, that acting under color of law,

Defendants DC, Joyner, Minor and Skinner conspired with the purpose of depriving Plaintiff Comprehensive of equal protection of laws or equal privileges and immunities under the law with a purposeful intent to discriminate against Plaintiff Comprehensive, by the following described acts:

a. Offering and continuing to offer pre-textual reasons for its intent to deny and its continuing denial to Plaintiff the Full Accreditation for which it is qualified and to which it is entitled;

b. Refusal to approve Michael Adedokun, a person of Nigerian national origin, as Director of Nursing for Comprehensive, in spite of the fact that he is academically and by experience, fully qualified for that position and has no other disqualifying or potentially disqualifying deficiencies;

c. Refusal to act in a timely manner on Comprehensive's Full Accreditation application;

d. Decision to deny Full Accreditation to Comprehensive on the basis of inadequate investigation and evaluation, and knowingly inaccurate factual representations, and without providing to Comprehensive the right to a hearing required by D.C. law and regulations;

e. Decision to withdraw Provisional Accreditation from Comprehensive on the basis of inadequate investigation and evaluation, and knowingly inaccurate factual representations, and without providing to Comprehensive the right to a hearing required by D.C. law and regulations;

f. Representation to members of the public at large, and specifically to faculty members and students at the University of the District of Columbia Nursing Program, a competitor with Comprehensive for nursing students and potential nursing students, that the D.C. Nursing Board intends to deny Comprehensive Full Accreditation and also intends to withdraw from Comprehensive its Provisional Accreditation, knowing that such a decision made without first providing to Comprehensive notice and a hearing before the D.C. Nursing Board is a violation of D.C. law and regulations.

## **COUNT 3 - FAILURE TO SCREEN AND CONTROL (Section 1986)**

26. Plaintiffs Comprehensive and Adedokun here repeat and re-allege everything set out above.

27. Acting under color of law, Defendant DC negligently failed to properly screen, instruct, supervise, control and discipline on a continuing basis the above Defendants Joyner, Minor and Skinner in their duties to refrain from:

    a. unlawfully and maliciously taking the above described actions and omissions which have caused intentional harm to Plaintiffs Comprehensive and Adedokun, for their venal pecuniary interest in assisting the University of the District of Columbia Nursing Program, which employs Defendants Joyner and Minor on its faculty, and which is a direct competitor with Plaintiff Comprehensive for nursing students;

    b. unlawfully and maliciously harassing and harming Plaintiff Comprehensive by spreading rumors to the public at large and to nursing students and potential nursing student that enrolling in Comprehensive's program would be a bad idea because Comprehensive is not going to achieve Full Accreditation and is going to lose its Provisional Accreditation;

    c. otherwise depriving Plaintiffs Comprehensive and Adedokun, each of his (its) legal, constitutional, statutory and institutional rights, privileges and immunities; all of which have been done under color of law and for the purpose of discriminating against Plaintiff Comprehensive and Adedokun on the basis of race (black) and national origin (Nigerian).

28. Defendant DC had actual knowledge that Defendants Joyner, Minor and Skinner (and others on the Nursing Board), have previously and persistently committed similar acts; or, had it diligently exercised its duties to properly screen, instruct, supervise, control and discipline on a continuing basis, should have known that the types of wrongful acts committed against Plaintiffs Comprehensive and Adedokun by Joyner, Minor and Skinner or other Board members, and were likely to continue to occur.

29. Defendant DC had the power to prevent or aid in the prevention of the commission of the above wrongful acts and could have done so by reasonable diligence, but Defendant DC, either intentionally or grossly and recklessly neglected or refused to so do.

30. By its above neglect or refusal, Defendant DC directly or indirectly, under color of law, approved or ratified the above unlawful, deliberate, malicious, reckless and wanton conduct of Defendants Joyner, Minor and Skinner.

### COUNT 4 - VIOLATION OF D.C. LAW § 3-1205.19

31. Plaintiffs Comprehensive and Adedokun here repeat and re-allege everything set out above.

32. Defendants are individually, jointly and collectively in violation of D.C. Law § 3-1205.19, in that they, operating as the Nursing Board, have denied Plaintiff Comprehensive a license and Plaintiff Adedokun the position of Nurse Administrator without having afforded either an opportunity for a hearing before the Board to address the allegations and issues that have been raised as the basis

for each denial.

## COUNT 4 - VIOLATION OF DUE PROCESS (CONFLICT OF INTEREST)

33. Plaintiffs Comprehensive and Adedokun here repeat and re-allege everything set out above.

34. Defendants, by denying Plaintiff Comprehensive its Full Accreditation, and decision and intent to deny Plaintiff its continued Provisional Accreditation, and, further, by denying to Plaintiff Adedokun the Nurse Administrator position, all done arbitrarily, capriciously and without notice or hearing, are in violation of the 5th and 14th Amendments to the U.S. Constitution.

35. By appointing or employing as Nursing Board members or employees that have a direct financial interest in the outcome of the licensing procedure, i.e., faculty members of a directly competing educational entity, (the nursing program at the University of the District of Columbia) Plaintiff, DC has created a system that inherently violates the 5th and 14th Amendments to the U.S. Constitution.

36. By accepting appointment to the Nursing Board or employment by the Nursing Board while simultaneously maintaining employment with an educational entity with a direct financial interest in the denial of Full Accreditation to Plaintiff, Defendants Joyner, Minor and Skinner or other Board members are participating in a system that inherently violates the 5th and 14th Amendments to the U.S. Constitution.

**WHEREFORE**, as the direct and proximate result of the above described acts and omissions of Defendants, Plaintiffs Comprehensive and Adedokun have suffered and continue to suffer lost profits and earnings, mental anguish and emotional anguish, consequential and incidental damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff Comprehensive here demands judgement against Defendant DC, in the sum of Seven Million Dollars ($7,000,000.00), reasonable attorney's fees, and its costs expended in this action.

**WHEREFORE**, Plaintiff Adedokun demands judgment against Defendant DC in the amount of Two Million Dollars ($2,000,000.00), reasonable attorney's fees, and his costs expended in this action.

**WHEREFORE**, Plaintiff Adedokun and Plaintiff Comprehensive here each demand

judgement against Defendants Joyner, Minor and Skinner, individually, jointly and collectively in the sum of Two Hundred Thousand Dollars ($200,000.00), reasonable attorney's fees, and all its costs expended in this action.

**WHEREFORE**, Plaintiffs pray any other relief this court may deem just and equitable.

Respectfully submitted,

_____
David E. Fox, Esq. – DC Bar No. 165258
1325 18th Street, NW
Suite 103
Washington, DC  20036
(202) 955-5300
*Attorney for Plaintiff*

## JUR DEMAND

Plaintiffs pray for trial by jury as to all issues so triable.

_____
David E. Fox, Esq.