*EXHIBIT A*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————

**COMPREHENSIVE HEALTH ACADEMY, LLC,
d/b/a COMPREHENSIVE HEALTH ACADEMY
SCHOOL OF PRACTICAL NURSING,** *et al.*

Plaintiffs,

v.                                                    Civil Action No. 1:06cv01050
                                                        (RBW)

**DISTRICT OF COLUMBIA,** *et al.*

Defendants.

—————————————————————

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE ISSUE**

1.   On or about July 2, 2003, Plaintiff Comprehensive Health Academy LLC ("CHA") was granted a one (1) year provisional accreditation as a practical nursing [education] program by the District of Columbia through its Health Professional Licensing Administration, Board of Nursing ("the Board").  *Complaint* ¶ 2; *Declaration of Karen Scipio-Skinner* ("Skinner Decl.") at ¶2.

2.   In October 2004, the Board informed CHA of five specific issues that needed to be addressed to be in compliance with District of Columbia requirements to qualify for Full Accreditation as a Practical Nursing Program. *Complaint* at ¶3; *Skinner Decl.* at ¶10.

3.   Prior to that time, CHA had problems recruiting and retaining a qualified Nurse Administrator for its program.  *Skinner Decl.* at ¶¶3-8; 17 DCMR §5607.3.

4.   On April 14, 2005, Dr. Joyner ("Joyner"), Chairperson of the Board, sent Michael Adedokun ("Adedokun") a letter informing him that the Board had requested a

Notice of Intent be prepared to withdraw CHA's provisional accreditation because of its failure to comply with the regulations requiring a qualified nurse administrator. *Skinner Decl.* at ¶ 12.

5.   In April and May 2005, CHA informed the Board that Adedokun would be serving as Nurse Administrator of CHA and also requested consideration for "permanent certification." *Skinner Decl.* at ¶13.

6.   The Board responded on May 19, 2005, informing CHA that it would review Adedokun's qualifications, invited Adedokun to the June 1, 2005 meeting when his credentials would be considered, reminded CHA that it was not in compliance with the regulations since it did not currently have a qualified administrator, and also reminded CHA that the pass rates of its students on the licensing examination was only one of the regulatory requirements considered by the Board when making accreditation decisions. *Skinner Decl.* at ¶13.

7.   The Board interviewed Adedokun at its June 1, 2005 meeting and determined that he did not have the required knowledge, skills, and experience to be the Nurse Administrator of a newly established practical nursing program. *Skinner Decl.* at ¶14.

8.   On June 14, 2005, the Board responded to complaints of perceived discrimination by CHA and Adedokun. This communication made clear that the Board's intent was not to "discriminate" against Adedokun or CHA, but to determine whether Adedokun met the qualifications to be Nursing Administrator of a newly established program. The Board again reiterated its reasons why it did not believe Adedokun was qualified for this position. *Skinner Decl.* at ¶15.

9.   CHA, through its President/CEO Oboh, accepted the Board's decision concerning Adedokun and promptly submitted the resume of Rachael Rizzo for consideration by the Board as CHA's Nurse Administrator.  *Skinner Decl.* at ¶16.

10.   Thereafter, in conjunction with the Board's consideration of CHA's request for full accreditation, a site visit was scheduled for April 17, 2006.  *Skinner Decl.* at ¶¶18-19.  Prior to that time, the Board received several complaints from CHA students that it requested Rizzo to address, but to which it never received any response.  *Skinner Decl.* at ¶¶16-17.

11.   After the site visit, a report was prepared by Donna Minor, a MSN RN-Board educational consultant, which addressed some of the strengths and weaknesses of the CHA program.  *Skinner Decl.* at ¶19.

12.   At the Board's May 3, 2006 meeting, with representatives of CHA in attendance, the Board considered CHA's pending request for full accreditation and determined to deny such accreditation based on several factors.  *Skinner Decl.* at ¶20.

13   The Board has not refused to act on CHA's request for accreditation.  The April 2006 site visit was conducted in consideration of CHA's accreditation status, and the Minor report and subsequent vote of the Board evidence further action on CHA's request.  *Skinner Decl.* at ¶¶ 19-20.

14   The Board's refusal to approve Adedokun as Nurse Administrator was because he did not meet the requirements of the regulations.  Neither race nor national origin ever was discussed among the members of the Board as reasons to deny CHA accreditation or not to approve Adedokun as Nurse Administrator.  *Skinner Decl.* at ¶22; *Declaration of Joanne Joyner* ("Joyner Decl.") at ¶3.

15. The Board has not denied CHA due process. Once a Notice Of Intent [To Withdraw Accreditation] issues, it will be sent to CHA and CHA will have the opportunity to request a hearing with full procedural safeguards and rights as outlined in the regulations. *Skinner Decl.* at ¶23; 17 DCMR §5606(a)(1) and (2) and 17 DCMR 4100, *et seq*.

17. The individually named defendants, Joyner, Skinner, and Minor never voted to deny CHA accreditation. Skinner and Minor are not Board members and, therefore, do not vote on matters before the Board. Dr. Skinner, as Chairperson, does not vote on matters regarding nursing schools. *Skinner Decl.* at ¶24.

18. The Board used the same regulations, guidelines and criteria to evaluate CHA as used to evaluate all Licensed Practical Nursing Schools. CHA was made fully aware of those criteria and what it needed to do to receive full accreditation. *Skinner Decl.* at ¶¶25,27-28; *Joyner Decl.* at ¶4.

18. All matters before the Board are confidential. None of the defendants discussed CHA or its accreditation status with anyone other than other members of the Board and its staff. *Joyner Decl.* at ¶2. Further, neither Joyner nor Skinner has any association with the LPN program at the University of the District of Columbia nor have they advised any students concerning enrollment in the CHA program. *Skinner Decl.* at ¶29; *Joyner Decl.* at ¶5.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

      /s/ Richard S. Love
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431


      /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431
ellen.efros@dc.gov