UNITED STATES COURT FOR THE DSITRICT OF COLUMBIA

| | |
|---|---|
| COMPREHENSIVE HEALTH ACADEMY, ) <br> LLC, d/b/a COMPREHENSIVE HEALTH ) <br> ACADEMY SCHOOL OF PRACTICAL ) <br> NURSING, ET AL. ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. )    **Civil Action No.** <br> 1:06cv01050 <br> )    **(RBW)** <br> ) <br> DISTRICT OF COLUMBIA, ET AL. ) <br> ) <br> *Defendants.* ) <br> ) | |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiffs Comprehensive, LLC, et al. by through and counsel and states their opposition to Plaintiff's Motion and/or Plaintiff's alternative Motion. In support of their opposition, Plaintiffs state that the claims set forth are based upon real and substantial current injury and the law provides for relief therefrom. Plaintiffs further state that the claims are ripe due to Defendants own acts and Defendants failure to undertake the steps required to permit Plaintiff to other relief by resort to administrative remedies. Plaintiffs maintain that these reasons and others set forth in their Memorandum state a cause of action and Defendants prayer for dismissal should be denied.

Pleading in the alternative, Plaintiffs state that if dismissal is denied and the Court next turns to the Defendants' prayer for Summary Judgment that Summary Judgment should be denied by the claims stated as supported by the

affidavits attached hereto. Plaintiffs have shown that there are material issues of fact shown and therefore Summary Judgment must be denied.

Plaintiffs respectively set forth their Memorandum of Points and Authorities and for the reasons stated herein and in that Memorandum urge the Court to deny both of Defendants' Motions.

                Respectfully submitted,

                David E. Fox, Esq. - DC Bar No. 165258
                1325 18th Street, NW
                Suite 103
                Washington, DC  20036
                (202) 955-5300
                *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 31st day of August 2006, I caused a copy of the foregoing Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment to be mailed first class, postage prepaid to Richard Love, Esq. and Ellen Efros, Esq., Office of the Attorney General, 441 Fourth Street, NW, Suite 600, Washington, DC  20001.

                David E. Fox, Esq.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPREHENSIVE HEALTH ACADEMY, LLC, d/b/a COMPREHENSIVE HEALTH ACADEMY SCHOOL OF PRACTICAL NURSING, ET AL.<br><br>*Plaintiffs,*<br><br>v.<br><br>DISTRICT OF COLUMBIA, ET AL.<br><br>*Defendants.* | Civil Action No.<br>1:06cv01050<br>(RBW) |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

I. PRELIMINARY STATEMENT

A) PLAINTIFF COMPREHENSIVE HEALTH ACADEMY

Plaintiff Comprehensive Health Academy, LLC ("Comprehensive") is a school that trains Licensed Practical Nurses ("LPN"). It began operation in 2003 and graduated its first class of nurses in December 2004.

Comprehensive has received provisional "accreditation" from Defendant Board of Nursing but has never been granted full accreditation.

All of the "ratings" the Board of Nursing has given to Comprehensive have been favorable ("in compliance") including those of May 2006 and, the most recent, issued on August 7, 2006.

The major criteria for full accreditation is, and has been since 2003, the

school's students' "pass rate" on the Nursing Board exam. From its inception and to date, Comprehensive's students had the highest "pass rate" among all District of Columbia's practical nursing schools. As of August 2006 its "year to date" pass rate is the highest of all practical nursing schools.

Plaintiff Comprehensive has not failed any requirement of D.C. licensing authorities. Plaintiff Comprehensive learned that its full accreditation was denied as the University of the District of Columbia ("UDC") School of Nursing faculty told their students that full accreditation was denied to Plaintiff and this denial is essentially affirmed by Defendant itself in its Motion to Dismiss. Plaintiff further notes that Donna Minor (the contractor Defendant engaged to evaluate Plaintiff for accreditation) and Joanne Joyner (Chair of the Board of Nursing) both taught at the UDC School of Nursing - Plaintiff's competitor school.

Despite the vote to deny accreditation, Plaintiff Comprehensive received no letter from Defendant Board of Nursing suggesting how Comprehensive could come into compliance, nor did Defendant Board of Nursing tender a specific letter of rejection with a specified "time frame" to remedy or an outline of statutory and regulatory procedures that Comprehensive could undertake to reverse the negative action taken by the Board of Nursing.

Not having received any notice of a right to undertake administrative remedies, Plaintiff Comprehensive did not do so. Despite its failure to offer Plaintiff administrative or other remedies, Defendant Board of Nursing has made such offers to others. Unlike the aforementioned other school (JC Inc.), Plaintiff Comprehensive is "owned and operated" by individuals of African descent.

Defendant Board of Nursing has on at least one (1) occasion, through its Director, made statements discriminatory toward "Africans".

Following Defendant Board of Nursing's vote to deny full accreditation to Plaintiff Comprehensive, Plaintiff's enrollment and thus its income decreased and Plaintiff has knowledge that just prior to its decrease in enrollment, the community of nursing students at the University of the District of Columbia heard a Board of Nursing employee or contractor publicly state that it had been denied full accreditation.

The University of the District of Columbia Nursing School is a competitor of the Plaintiff Comprehensive. Defendant Board of Nursing's contractor, Donna Minor, herself a Defendant, is a person who reviewed Plaintiff's school for Defendant Board of Nursing and she is also on the faculty of the UDC School of Nursing. The Chair of the Board of Nursing, Joanne Joyner, is also on the faculty of the UDC School of Nursing

### B. PLAINTIFF MICHAEL ADEDOKUN

Plaintiff Adedokun held supervisory positions in several Maryland nursing homes from 1991-1994. He holds a Masters of Nursing degree from an accredited University and also has fifteen (15) years experience in nursing supervision of which nine (9) years experience were as a Director of Nursing at a nursing facility. In his position as a Director of Nursing he was responsible for hiring and developing (i.e., training) nurses and creating programs to train RNs and LPNs and he has academic background in nursing education including course work that specifically dealt with educational development and curriculum[17].

Plaintiff Adedokun was given a short interview by Defendant Board of Nursing when he was proffered to serve as Director of Nursing at Plaintiff's school. He was rejected by Defendant and the reason given was what Defendant felt to be his lack of experience in nursing education. Although Plaintiff Adedokun, a citizen of African descent, was given an interview by Defendant Board of Nursing, it is noted that in prior years many Nursing Administrator position applicants were not interviewed but were approved.

After his rejection, Plaintiff's President, Mr. Oboh, did indeed send a flowery letter to Defendant employing an African style of prose.

Prior to the Board of Nursing's rejection of Plaintiff Adedokun as Director of Nursing, Plaintiffs hired Tequila Langham to fill that post; Ms. Langham did not hold a Master's in Nursing degree and prior to being approved was never interviewed by Defendant; however, she is an American and not an African. Defendant Board of Nursing *sub silentio* accepted her to serve and corresponded with her by her title (Director of Nursing) and did not ask her to be interviewed.

Ms. Langham did not stay at her job but left of her own choosing and Plaintiff appointed Rached Rizzo as its Director of Nursing. Ms. Rizzo did not hold the degree of Masters of Nursing but was a white American and the Board did approve her.

In Plaintiff Comprehensive's three (3) years of operation, only Mr. Adedokun was interviewed by Defendant for the position of Director of Nursing.

### C. ERRORS IN DEFENDANT'S FACTUAL STATEMENT

In its Preliminary Statement, Defendant states that Dr. Joyner "had no

association with the LPN program at the University of the District of Columbia. In fact, Dr. Joyner does share an office at the UDC Nursing School with Donna Minor, a Defendant and the "independent contractor" who Defendant engaged to study Plaintiff's qualifications in consort with her suitemate.

## I. ARGUMENT

## II. A. MOTION FOR SUMMARY JUDGMENT

The Defendants, except for Donna Minor, have in the alternative filed for Dismissal or for Summary Judgment pursuant to Rule 56(b). In determining if a Motion for Summary Judgment is viable, the Court must consider many factors. *Federal Rules of Civil Procedures Rule 56* states as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is **no genuine issue as to any material fact** and that the **moving party is entitled to a judgment as a matter of law**. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. [Emphasis added.]

As required by *LCvR 56.1*, a Statement of Material Facts As to Which There is a Genuine Issue ("SMF") is provided. Summary Judgment may not be granted if the record reveals genuine issues of material fact. *Goldman v. Bequai*, 19 F.3d 666, 672 (D.C. Cir. 1994). "Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge…on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Here the actions of the District of Columbia and its employees when measured against the facts declared by the Plaintiffs are subject to credibility determinations and there are clear genuine

issues of fact as to what was said and done by the employees and contractors of the District of Columbia.

In its Preliminary Statement, Defendant states that Dr. Joyner "had no association with the LPN program at the University of the District of Columbia. In fact, Dr. Joyner does share an office at the UDC Nursing School with Deborah Minor, a Defendant and the "independent contractor" who Defendant engaged to study Plaintiff's qualifications in consort with her suitemate. This fact alone would seem to suggest that the Motion for Summary Judgment be denied. It is within the province of the jury to decide who is telling the truth. And, since Ms. Minor worked for a competing school (UDC) the trier of fact could conclude that she had a "conflict". However, there are other facts in dispute; for example, the District of Columbia has already constructively denied the full licensure of the Plaintiff's school. Is it not just a delay tactic for the Defendants to claim that the "no decision has been issued yet"? Moreover, the Court "must assume the truth of all statements proffered by the party opposing summary judgment," *Greene v. Dalton, 164 F.3d 671, 674-75 (D.C. Cir. 1999)*.

For these and other reasons set forth in Plaintiffs' several proffered Declarations and facts declared herein, the Motion for Summary Judgment should be denied.

Defendants also assert in their pleadings that Defendants never voted to deny accreditation to Comprehensive (Defendants Memorandum, page 8, Skinner Dec '1 at paragraph 24). This conflicts with UDC School of Nursing faculty public statement to UDC nursing students that Comprehensive was going to lose

its accreditation Oboh Dec '1 at paragraph 16; and conflicts with logic - why would the number one school (by pass rates) be denied accreditation? Alternatively, Plaintiff again asserts that delay of grant of full accreditation is itself a tactic that warrants denial of Summary Judgment as the facts presently laid before the Court by "Declaration format" are in conflict.

B. **MOTION TO DISMISS**

Under a motion to dismiss pursuant to *Fed. R. Civ. PAGE 12(b)(6)* for failure to state a claim upon which relief can be granted, a Court must accept the allegations in the complaint as true. All reasonable inferences must be drawn in favor of the Plaintiff, and a Court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"

1. **The individual Defendants can be sued because their actions are ultra vires**

Defendant Minor (as of yet unserved as Plaintiff only is at her address only during the school year when she teaches at the University of the District of Columbia) is an independent contractor and as such is not protected.

Arguing in the alternative, Plaintiff maintains that if Defendant Minor was deliberately acting to harm Plaintiffs or if she was harming Plaintiffs at Defendant Board of Nursing's instructions or if she was harming Plaintiffs at the request of her superiors at the Board of Nursing then her acts were unlawful as well as ultra vires subjecting her to personal responsibility.

Defendants Joanne Joyner and Karen Scipio-Skinner appear to be officials and/or employees of Defendant Board of Nursing but to the extent that their acts are unlawful or to the extent that their acts are ultra vires their acts are not *sui juris*.

To the extent that any of the three (3) "individual" Defendants acted in a conspiracy to further a <u>conflict</u> between the nursing school of the University of the District of Columbia (Ms. Joyner and Ms. Minor's other employment) then their acts are ultra vries and the Defendants may be sued in their individual capacity.

2. **Statement of Conflict**

Under FRCP 8 and 12(b) a party is required to state a claim and here the Plaintiffs do so.  Plaintiffs state that

- Mr. Adedokun was denied a position by discriminating Defendants' acts.
- That Comprehensive was wrongfully denied full accreditation despite the fact that it is the highest rated school in the District of Columbia and that the UDC School of Nursing faculty broadcasts that fact to nursing students at a competitor school (UDC) and this caused Plaintiff harm (Oboh Dec '1) at paragraph 6.
- 

Defendant avers that Plaintiffs complaint of conflict of interest is unsupported.  Indeed, any complaint makes allegations.  Here Plaintiff knows that Defendant Board of Nursing's "consultant" Donna Minor teaches at a competing school (the University of the District of Columbia (UDC) School of Nursing) yet Ms. Minor was involved in evaluation of Comprehensive's school and UDC faculty publicly stated to UDC nursing students that Comprehensive was going to lose its accreditation.

This information is substantive. Ultimately, the Plaintiff may or may not prove a conflict but this is more than enough factual information to justify the allegation and more than enough upon which a finder of fact could conclude that there was "some evidence" of a conflict of interest.

3. **Ripeness**

Defendant raises a ripeness argument that belies the facts.

It is true that Defendant Board of Nursing did not employ the procedures outlined in the DCMR. To do so would have required Defendant to prove its case against Plaintiff.

That is, to decertify Comprehensive, the Board of Nursing would have to activate the procedural requirements and safeguards in 17 DCMR Section 5606.6 (a)(1). They would have to introduce evidence and prove their case at hearing before an independent person. Any judicial or quasi judicial procedure; however, raises the spectre of fairness as well as the fact that the judicial officer would lift up the tent that hides the Defendant's acts.

In this case, it was far easier for Defendant Board of Nursing to hide its discriminatory acts and its conflicts of interest by simply leaving Plaintiff Comprehensive in "certification limbo" and then have their agents (such as independent contractor Donna Minor or Board President Joyner) broadcast their precarious status to potential customers (students) who they taught at the UDC School of Nursing.

It was simply more expedient to deny the position of nursing

administrator to Michael Adedokun then to allow a person of African descent appear before them in the role of a professional.

Defendant argues that Plaintiff was given due process rights (Defendants' Memorandum at page 14). In point of fact, <u>the failure to decide</u> on full accreditation *sub silentio* harms the Plaintiff. Thus, it is wrong for the Defendant Board of Nursing to argue that its inaction means the matter is not "ripe". Plaintiff differs with Defendant - Plaintiff feels the brunt of Defendant's inaction by virtue of the fact that it means its enrollment (and earnings) is down. Plaintiff views this as a denial of due process.

4. **Justiciable Controversy**

Defendant argues that there is no justiciable controversy (Defendant's Memorandum page 14) because there is no injury in fact. Not true. A decline in enrollment attributable to Defendant's failure to certify a school is an injury in fact. The injury is distinct and palpable. The Plaintiff can easily tell the trier of fact the dollar cost of the decline in enrollment (total per student charges minus the incremental costs of the enrollees lost).

5. **Exhaustion of Remedies**

Defendant also argues that Plaintiffs failed to exhaust its/their administrative remedies.

Michael Adedokun has an absolute right to pursue his constitutional claim and Comprehensive has no administrative remedy for

the denial of his availability to serve as nurse administrator.

Neither does either Plaintiff have an administrative remedy for Defendant's failure to act (failure to grant full accreditation).

Neither does Comprehensive have an administrative remedy to deal with Defendant's act of hiring a competitor to evaluate it for certification (Donna Minor, a UDC nursing school employee).

6. **Adedokun Claim**

Defendant's argument as to Plaintiff Adedokun's claim is strange. Defendant did give him an interview and did so in a manner opposite to the way it handles white or American applicants. The result was his claim of discrimination. His claim, now more than one hundred eighty (180) days old, is ripe for judicial decision.

Mr. Adedokun is also an owner of Comprehensive - as such he has an obvious and immediate property interest as Defendant Board of Nursing acts to harm "his" business.

To the extent that Mr. Adedokun may be wiser to amend his complaint to embrace the specific language in the due process clause (Defendant's Memorandum page 20) he can certainly do so. However, the option of dismissal or Summary Judgment is not the correct approach. Moreover, the Court has the discretion to read his complaint as embracing his due process rights.

Defendant also seeks to dissect Plaintiff Adedokun's DC claim under Section 3-1205.19. That is, Mr. Adedokun is both an owner of

Comprehensive and an employee of Comprehensive (he is also an individual who went to the effort to obtain an MS in nursing - a degree that enhances his professional credentials; i.e., a property right). When Defendant states (Memorandum page 22) that Comprehensive could choose to hire him as nursing administrator, the claim is specious since Defendant has said that he does not meet the Nursing Board's "qualifications".

   7. **Federal Jurisdiction**

Defendants also assert that questions of local law are the key to Plaintiffs' claims and not questions of constitutional law. In point of fact, Plaintiff Adedokun raises issues of discrimination based on race that raise not only the legal questions of whether he was discriminated against because of race and national origin (African) but also raises questions as to why Plaintiff Comprehensive was denied his services and skills when he was proffered as nursing administrator. Given the fact that he holds the requisite degree (MSN in Nursing) and has many years of nursing administration experience and experience in nursing education, there are facts presented which raise constitutional questions and which suggest that jurisdiction is appropriate.

**WHEREFORE** as Plaintiffs have stated a cause of action, the Motion to dismiss should be denied and as Plaintiffs presented facts in Support of their claims, Summary Judgment should be denied because the trier of fact could find for Plaintiffs.

Respectfully submitted,

                                                        _____
David E. Fox, Esq. - DC Bar No. 165258
1325 18th Street, NW
Suite 103
Washington, DC  20036
(202) 955-5300
*Attorney for Plaintiffs*